**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. 0:23-cv-60115-SINGHAL**

KENT DELPHIA, on Behalf of Himself
and All Others Similarly Situated,

Plaintiff,

vs.

ARCADIA CONSUMER
HEALTHCARE, INC. d/b/a
KRAMER LABORATORIES, INC.,
a Florida Corporation,

Defendant.

_____

**DEFENDANTS ARCADIA CONSUMER HEALTHCARE, INC. AND KRAMER**
**LABORATORIES, INC.'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION**
**COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ..................................................................................................................... 2

   I.   THE PRODUCT .............................................................................................. 2

   II.   THE COMPLAINT .......................................................................................... 3

LEGAL STANDARD.............................................................................................................. 4

ARGUMENT ......................................................................................................................... 5

   I.   THE COMPLAINT IS AN IMPROPER SHOTGUN PLEADING ................................. 5

   II.   THE COMPLAINT LACKS ANY BASIS TO NAME ARCADIA ................................. 6

        A.   Plaintiff Fails to Allege the Court's Personal Jurisdiction Over Arcadia ............. 6

        B.   Plaintiff Fails to State Any Conceivable Claim Against Arcadia ........................ 8

   III.   THE COMPLAINT'S ALLEGATIONS LACK PARTICULARITY ............................. 8

   IV.   THE COMPLAINT FAILS TO STATE A CLAIM ............................................... 11

        A.   Plaintiff's FDUTPA Claim (Count I) Is Inapposite ............................................. 11

        B.   Plaintiff's Fraud Claim (Count III) Is Barred by the Economic Loss
           Doctrine.............................................................................................................. 12

        C.   Plaintiff Otherwise Fails to State a Claim for His Statutory and Common
           Law Claims (Counts I – VI) Because Defendants Did Not Engage in a
           Deceptive Practice .............................................................................................. 13

           1.   Plaintiff fails to allege a deceptive, unlawful, or unfair practice ............. 14
           2.   Plaintiff fails to allege a misrepresentation of material fact ................... 17

   V.   PLAINTIFF LACKS STANDING AS TO PRODUCTS HE DID NOT
       PURCHASE............................................................................................... 18

   VI.   PLAINTIFF LACKS STANDING TO PURSUE INJUNCTIVE RELIEF ................... 18

CONCLUSION.................................................................................................................... 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ajose v. Interline Brands, Inc.*,
   187 F. Supp. 3d 899 (M.D. Tenn. 2016).........................................................................11, 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................................5

*Bobo v. Optimum Nutrition, Inc.*,
   No. 14-cv-2408, 2015 WL 13102417 (S.D. Cal. Sept. 11, 2015) ...........................................15

*Carnival Corp. v. Rolls-Royce PLC*,
   No. 08-cv-23318, 2009 WL 3861450 (S.D. Fla. Nov. 17, 2009) ...........................................11

*Coastal Physician Servs. of Broward Cnty., Inc. v. Ortiz*,
   764 So. 2d 7, 8 (Fla. Dist. Ct. App. 1999) .............................................................................11

*Cone Corp. v. Fla. Dep't of Transp.*,
   921 F.2d 1190 (11th Cir. 1991) ................................................................................................4

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...............................................................................................................6, 7

*Davila v. Delta Air Lines, Inc.*,
   326 F.3d 1183 (11th Cir. 2003) ................................................................................................5

*Davis v. Hain Celestial Grp., Inc.*,
   297 F. Supp. 3d 327 (E.D.N.Y. 2018) ...................................................................................15

*Dotson v. Europharma, Inc.*,
   No. 2:20-cv-09651, 2021 WL 4826611 (C.D. Cal. May 27, 2021)...........................................9

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ..................................................................................................14

*Exum v. Nat'l Tire & Battery*,
   437 F. Supp. 3d 1141 (S.D. Fla. 2020) ...................................................................................12

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013).....................................................................................................16

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   141 S. Ct. 1017 (2021).............................................................................................................7

*Garcia v. Kashi Co.*,
   43 F. Supp. 3d 1359 (S.D. Fla. 2014) ...................................................................18

*Garcia v. Santa Maria Resort, Inc.*,
   528 F. Supp. 2d 1283 (S.D. Fla. 2007) .................................................................5

*Garfield v. NDC Health Corp.*,
   466 F.3d 1255 (11th Cir. 2006) .............................................................................5

*Goodwin v. Am. Equip. Leasing, LLC*,
   No. 6:10-cv-1876, 2012 WL 13102266 (M.D. Fla. Aug. 29, 2012)...................11, 12

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) .............................................................9, 14

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*,
   910 F.3d 1186 (11th Cir. 2018) .............................................................................3

*Inouye v. Adidas Am., Inc.*,
   No. 8:22-cv-416, 2023 WL 2351654 (M.D. Fla. Mar. 3, 2023) ............................9

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*,
   No. 20-cv-23392, 2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) ................... *passim*

*Janney v. Mills*,
   944 F. Supp. 2d 806 (N.D. Cal. 2013) ...............................................................9, 10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................................10

*Kelly v. Harris*,
   331 F.3d 817 (11th Cir. 2003) ...............................................................................4

*Kurimski v. Shell Oil Co.*,
   570 F. Supp. 3d 1228 (S.D. Fla. 2021) ...................................................17, 18, 19

*Leon v. Cont'l AG*,
   301 F. Supp. 3d 1203 (S.D. Fla. 2017) ...............................................................8, 9

*Maisel v. S.C. Johnson & Son, Inc.*,
   No. 3:21-cv-00413, 2021 WL 1788397 (N.D. Cal. May 5, 2021)...........................3

*Marlborough Holdings Grp., Ltd. v. Azimut–Benetti, Spa, Platinum Yacht
   Collection No. Two, Inc.*,
   505 Fed. App'x. 899 (11th Cir. 2013) .................................................................17

*New York Packaging II LLC v. Priv. D Cap. Grp. Corp.*,
   No. 1:22-cv-20276, 2023 WL 2306690 (S.D. Fla. Mar. 1, 2023) ...........................6

*Nivia v. Nationstar Mortg. LLC*,
    No. 13-cv-24080, 2014 WL 4146889 ...................................................................................14

*In re NJOY, Inc. Consumer Class Action Litig.*,
    2014 WL 12586074 (C.D. Cal. Oct. 20, 2014)...............................................................10, 11

*N. Brevard Hosp. Dist. v. McKesson Tech., Inc.*,
    No. 6:16-cv-637, 2017 WL 951672 (M.D. Fla.)....................................................................17

*Piescik v. CVS Pharmacy, Inc.*,
    576. F. Supp. 3d 1125, 1134 (S.D. Fla. 2021) .............................................................. *passim*

*Rooney v. Cumberland Packing Corp.*,
    No. 12-cv-0033-H DHB, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012)..........................15, 16

*Rossi v. Darden*,
    No. 16-cv-21199, 2016 WL 9254640 (S.D. Fla. Nov. 16, 2016) ...........................................13

*Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*,
    No. 16-21296, 2017 WL 11630386 (S.D. Fla. Mar. 24, 2017)..................................................2

*Simmons v. Ford Motor Co.*,
    592 F. Supp. 3d 1262 (S.D. Fla. 2022) .................................................................................13

*Simpson v. FWM Lab'ys, Inc.*,
    No. 09-cv-61771, 2010 WL 1257714 (S.D. Fla. Mar. 29, 2010) .............................................9

*Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
    295 F.R.D. 540, 545 (S.D. Fla. 2013).....................................................................................9

*Stein v. Marquis Yachts, LLC*,
    No. 14-cv-24756, 2015 WL 1288146 (S.D. Fla. Mar. 20, 2015) ...........................................11

*Sutton v. Seaman*,
    No. 13-cv-61933, 2014 WL 12861091 (S.D. Fla. Sept. 4, 2014) .........................................4, 7

*Swafford v. Schweitzer*,
    906 So.2d 1194 (Fla. 4th Dist. Ct. App. 2005) ......................................................................17

*Taylor Grp., Inc. v. Indus. Distrib. Int'l Co.*,
    No. 1:19-cv-24235, 2020 WL 8678099 (S.D. Fla. Dec. 10, 2020), *aff'd,* 859 F.
    App'x 439 (11th Cir. 2021) ..............................................................................................7, 8

*Tiara Condo. Ass'n v. Marsh & McLennan Cos.*,
    110 So. 3d 399 (Fla. 2013).................................................................................................12

*Valiente v. Unilever United States, Inc.*,
    No. 22-cv-21507, 2022 WL 18587887 (S.D. Fla. Dec. 8, 2022)................................12, 13, 19

*W.W. Sports Importadora Exportadora e Comercial LTDA v. BPI Sports, LLC*,
   No. 0:16-cv-60147, 2016 WL 11504099 (S.D. Fla. Dec. 1, 2016)............................................8

*Waite v. All Acquisition Corp.*,
   901 F.3d 1307 (11th Cir. 2018) ..........................................................................................7

*Wasser v. All Mkt., Inc.*,
   329 F.R.D. 464 (S.D. Fla. 2018) ......................................................................................18

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
   792 F.3d 1313 (11th Cir. 2015) ..........................................................................................6

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ...........................................................................17

*Zlotnick v. Premier Sales Grp., Inc.*,
   480 F.3d 1281 (11th Cir. 2007) ........................................................................................14

**Statutes**

California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*........................... *passim*

California False Advertising Law, California Bus. & Prof. Code § 17500 *et seq.*................ *passim*

Fla. Stat. § 817.41 ............................................................................................... *passim*

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq.* ..................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8 .....................................................................................................1, 4, 5, 6

Fed. R. Civ. P. 9(b) ................................................................................................... *passim*

Fed. R. Civ. P. 10(b) ..................................................................................................1, 4, 5

Fed. R. Civ. P. 12(b)(1)...............................................................................................1, 4

Fed. R. Civ. P. 12(b)(2)...............................................................................................1, 4

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 2, 5

Defendants Arcadia Consumer Healthcare, Inc. ("Arcadia") and Kramer Laboratories, Inc. ("Kramer Labs," and collectively with Arcadia, the "Defendants") respectfully submit this motion for an order dismissing plaintiff Kent Delphia's ("Plaintiff") Class Action Complaint ("Complaint" (Dkt. 1)) pursuant to Rules 8, 9(b), 10(b), 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The gist of Plaintiff's Complaint is that the packaging for Fungi-Nail® Anti-Fungal Liquid (the "Product") misrepresents that it treats nail fungus.  But, as an even cursory review of the Product's packaging reveals and as the Federal Trade Commission ("FTC") has already publicly determined, it does not.  Nowhere does the Product's packaging represent that the Product treats nail fungus.  Rather, all sides of the packaging represent that the Product treats skin fungus, and it repeatedly specifically disavows Plaintiff's theory—including by disclosing "This product is not effective on the scalp or nails" and "Not for nail or scalp fungus."  Simply put, Plaintiff's theory is just a fanciful interpretation that has already been rejected by the Commission authorized by law to regulate advertising matters and the interpretations of which this Court places "great weight."

The Court need not even reach the issue, however, because the myriad of flaws in the Plaintiff's pleading warrant dismissal.  The Complaint is an improper shotgun pleading that fails to allege any basis for naming Arcadia, lumps together Defendants, and falls well short of meeting the heightened pleading standards of Rule 9(b).  For these reasons and the other deficiencies detailed below, the Court should dismiss the Complaint, in its entirety.

## BACKGROUND

### I.    THE PRODUCT

The Product is a topical anti-fungal treatment for toe and foot skin fungus.  (*See* Bashoff Decl. Ex. A.)[1]  As Plaintiff admits, it is marketed "as foot fungus treatment."  (Compl. ¶ 1.)

On February 28, 2018, the FTC published a closing letter (the "Closing Letter") resolving a referral from NAD (the National Advertising Division) concerning "its compliance investigation of [Kramer Labs'] claims that its Fungi-Nail Toe & Foot product treats toenail fungus."  (*See id.* Ex. B.)[2]  The Closing Letter states that Kramer Labs "participated in NAD's self-regulatory process and agreed to follow NAD's recommendation to modify its advertising to clearly convey that its product treats athlete's foot, not toenail fungus," but that NAD referred the matter for the FTC's review, which took no action in light of the current advertising (which is the subject of this Complaint).  (*Id.* at 1.)

The Closing Letter lists several changes Kramer Labs made to the Product packaging "to make it clearer to consumers that its product treats athlete's foot, not toenail fungus."  (*Id.*)  For example, as the FTC noted, the Product's packaging "depict[s] a healthy nail with fungal infection on the skin surrounding the nail or between the toes, with a user applying the product to the infected skin, not the nail" and includes the representations that the Product "Cures Most Athlete's Foot"

---

[1]    Materials from the funginail.com website may properly be considered on this motion. Material, including websites, incorporated by reference or otherwise central to a pleading and undisputed may be considered on a motion to dismiss under Rule 12(b)(6).  *See Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296, 2017 WL 11630386, at *1 n.1 (S.D. Fla. Mar. 24, 2017) (webpage).  Plaintiff expressly references the funginail.com website. (*See* Compl. ¶¶ 2, 17.)

[2]    Plaintiff expressly references the FTC's review. (Compl. ¶ 18.)  *See Setai Hotel Acquisition*, 2017 WL 11630386, at *1.  Plaintiff fails, however, to disclose the outcome to the Court.

and is "Not for nail or scalp fungus."  (*Id.*)  Such representations belie Plaintiff's allegations here that the Product's packaging states that it treats nail fungus.

## II.  THE COMPLAINT

Plaintiff filed the Complaint on January 23, 2023.  According to the Complaint, Kramer Labs manufactures, distributes, and sells the Product.  (Compl. ¶ 1.)  Plaintiff alleges that Kramer Labs falsely advertises the Product as a treatment for nail fungus.[3]  (Compl. ¶¶ 18-20.) Specifically, Plaintiff alleges that "[t]he front of the package states 'FUNGI NAIL ANTIFUNGAL LIQUID' in bold lettering with a picture of an infected looking toenail" and "further states 'CLINICALLY PROVEN TO CURE AND PREVENT FUNGAL INFECTIONS.'"  (*Id.* ¶¶ 20, 22.)  The picture included in the Complaint tells a different story, however, as the image depicts a healthy toenail with the skin surrounding the nail infected.  (*Id.*)

Plaintiff alleges that he purchased the Product in-store and that he relied upon the "claims on the Product packaging and labeling itself."[4]  (*Id.* ¶ 9.)  Plaintiff provides a picture of the front of what presumably is the packaging for the Product Plaintiff purchased containing the "claims" at issue.  (*Id.* ¶ 20.)  The complete labeling of that packaging partially depicted in the Complaint is reflected in Exhibit C to the Declaration of Evan Bashoff.[5]

---

[3]    Elsewhere, Plaintiff also alleges that Kramer Labs markets the Product "as foot fungus treatment."  (Compl. ¶ 1.)

[4]    Plaintiff also purports to include an image of an "advertisement[]" and quote claims that Plaintiff does not allege appear on the product, where he believes they otherwise do appear, or that he viewed them.  (Compl. ¶¶ 23, 25.)  The image and purportedly quoted language do not appear on the Product packaging at issue.

[5]    The Court may consider the Product packaging depicted in the Bashoff Declaration on this motion because it is subject to judicial notice, incorporated by reference in the Complaint, central to the Complaint and not subject to dispute, or all of these reasons.  *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (considering label challenged in complaint but provided with motion to dismiss); *accord Maisel v. S.C. Johnson & Son, Inc.*, No. 3:21-CV-00413, 2021 WL 1788397, at *2 (N.D. Cal. May 5, 2021) ("Courts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the product packaging" (collecting cases)).

Based on the premise that this packaging falsely represents that the Product treats nail fungus, Plaintiff asserts claims for fraud, unjust enrichment, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), false and misleading advertising under Fla. Stat. § 817.41 ("FMA"), violation of the California False Advertising Law ("FAL"), and violation of the California Consumers Legal Remedies Act ("CLRA").  (Compl. at 14-22.)  Plaintiff purports to bring the fraud, unjust enrichment, FDUTPA, and FMA counts on behalf of a nationwide putative class, and the FAL and CLRA counts on behalf of a putative sub-class of California purchasers. (*Id.*)

## **LEGAL STANDARD**

To establish standing under Article III, a plaintiff must allege: (1) he or she "suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision."  *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).  "[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."  *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991).

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "[a] plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *Sutton v. Seaman*, No. 13-cv-61933, 2014 WL 12861091, at *2 (S.D. Fla. Sept. 4, 2014).  Although "the court must take factual allegations in the complaint as true," "[w]hen a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."  *Id.*

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 10(b) mandates that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed R. Civ. P. 10(b).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts do not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Finally, for claims sounding in fraud, Rule 9(b) requires a plaintiff to plead the "who, what, when, where, and how" of the alleged misconduct, *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006); including:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1294 (S.D. Fla. 2007).

## **ARGUMENT**

### I.    **THE COMPLAINT IS AN IMPROPER SHOTGUN PLEADING**

The Complaint should be dismissed because it is a prototypical shotgun pleading. "A complaint is a 'shotgun pleading' if it violates Rule 8(a)(2) or Rule 10(b)." *New York Packaging*

*II LLC v. Priv. D Cap. Grp. Corp.*, No. 1:22-cv-20276, 2023 WL 2306690, at *3 (S.D. Fla. Mar. 1, 2023).  The Eleventh Circuit has fired "a thirty-year salvo of criticism" at so-called shotgun pleadings that violate Rules 8 or 10—with "no ceasefire in sight."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).

Relevant here, one paradigmatic example of a shotgun pleading is where a plaintiff commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions."  *Id.* at 1323.  Plaintiff does so in each and every count, alleging in conclusory fashion that "Defendants" are responsible for purported acts or omissions.  (*See, e.g.*, *id.* ¶¶ 33-38, 41-45, 50-54, 57-59, 65-70, 70-77, 82-88.)  Plaintiff "did not differentiate between the actions of each Defendant in any count."  *New York Packaging II*, 2023 WL 2306690, at *4 (dismissing shotgun pleading).  Therefore, the Complaint should be dismissed as to both Defendants.

## II.     THE COMPLAINT LACKS ANY BASIS TO NAME ARCADIA

The Complaint asserts a single allegation against Arcadia: "Defendant, Arcadia Consumer Healthcare, Inc., is headquartered in Bridgewater, New Jersey."  (Compl. ¶ 11.)  It lacks any well-pleaded factual allegations supporting either this Court's personal jurisdiction over Arcadia or any plausible claim against Arcadia.

### A.     Plaintiff Fails to Allege the Court's Personal Jurisdiction Over Arcadia

As a threshold matter, Plaintiff's claims against Arcadia should be dismissed because the Court lacks both general and specific personal jurisdiction over Arcadia.  General jurisdiction only exists where the defendant has the kind of "continuous and systematic" contacts in a forum that would render the defendant "at home" in that forum.  *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).  A defendant generally is "at home" only in its "place of incorporation and principal place of business."  *Id.* at 137.  Indeed, "[o]utside of these two exemplars, a defendant's operations will

'be so substantial and of such a nature as to render the corporation at home in that State' only in an 'exceptional case.'" *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (quoting *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017)).

Arcadia is incorporated in Delaware.  (Bashoff Decl. ¶ 6.)  Its principal place of business is in New Jersey.  (*Id.*; Compl. ¶ 11.)[6]  Plaintiff does not allege any well-pleaded facts suggesting anything close to an "exceptional case" that would warrant treating Arcadia as "at home" in Florida.

To establish specific jurisdiction, a plaintiff "must show that the defendant deliberately reached out beyond its home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (cleaned up).  And "even then—because the defendant is not 'at home'— the forum State may exercise jurisdiction [] only" if the plaintiff's claims "'arise out of or relate to the defendant's contacts' with the forum." *Id.*

Arcadia has not exploited the Florida market to be subject to specific jurisdiction.  Plaintiff is a California resident whose purchase allegedly occurred in California.  New Jersey-based Arcadia is simply a parent corporation of Kramer Labs.  "[T]he mere presence of a wholly owned subsidiary is insufficient to form a basis for the assertion of personal jurisdiction." *Taylor Grp., Inc. v. Indus. Distrib. Int'l Co.*, No. 1:19-cv-24235, 2020 WL 8678099, at *1269-70 (S.D. Fla. Dec. 10, 2020), *aff'd,* 859 F. App'x 439 (11th Cir. 2021).  Plaintiff maintains that Kramer Labs,

---

[6]     Perhaps because naming Arcadia was simply an afterthought, Plaintiff alleges that Arcadia is headquartered in New Jersey but elsewhere that "Defendants" are headquartered in this District. (*See* Compl. ¶¶ 6, 11.)  Neither Arcadia nor Kramer Labs is headquartered in this District (or state) (Compl. ¶¶ 10-11; Bashoff Decl. ¶ 6), and the Bashoff declaration controls.  *Sutton*, 2014 WL 12861091, at *2.

not Arcadia, engaged in the alleged conduct at issue.  (*See* Compl. ¶¶ 17-19.)  This is insufficient to establish the requisite contacts or that Plaintiff's claims arise out of any such contacts.

**B.     Plaintiff Fails to State Any Conceivable Claim Against Arcadia**

Jurisdictional defects notwithstanding, Plaintiff alleges nothing about Arcadia other than its principal place of business.  Although Plaintiff alleges that Kramer Labs engaged in certain conduct (*see* Compl. ¶¶ 17-23, 25), he nonetheless proceeds to allege "Defendants" are responsible for purported acts or omissions as to each and every claim.  (*See, e.g.*, *id.* ¶¶ 33-38, 41-45, 50-54, 57-59, 65-70, 70-77, 82-88.)[7]  Nowhere does Plaintiff provide even a cursory allegation as to what Arcadia is alleged to have done or failed to do, or how.  Such imprecise and threadbare allegations fail Rules 8, 9(b), 10, and 12.  *See* Legal Standard; Argument Parts I, III.

**III.    THE COMPLAINT'S ALLEGATIONS LACK PARTICULARITY**

All of Plaintiff's claims are grounded in fraud because they are based on the theory that the Product's packaging includes misrepresentations that induced Plaintiff to purchase the Product. (*See, e.g.*, Compl ¶ 58.)  Fraud claims and claims that sound in fraud—including claims for unjust enrichment and under the FDUTPA, FMA, CLRA, and FAL—must satisfy the heightened particularity requirement of Rule 9(b) to survive dismissal.  *See W.W. Sports Importadora Exportadora e Comercial LTDA v. BPI Sports, LLC*, No. 0:16-cv-60147, 2016 WL 11504099, at *2 (S.D. Fla. Dec. 1, 2016) (unjust enrichment); *Leon v. Cont'l AG*, 301 F. Supp. 3d 1203, 1226 (S.D. Fla. 2017) (FDUTPA)[8]; *Simpson v. FWM Lab'ys, Inc.*, No. 09-cv-61771, 2010 WL 1257714,

---

[7]     Compounding the flaw, at times, Plaintiff asserts allegations against, simply, "Defendant"—an undefined term.  (*See* Compl. ¶¶ 76, 86.)

[8]     There is some disagreement as to the extent to which Rule 9(b) applies to claims brought under the FDUTPA.  Defendants maintain that the Court should join the "trend [that] has emerged" of applying Rule 9(b) to FDUTPA claims that sound in fraud, like other claims sounding in fraud. *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, No. 20-CV-23392, 2021 WL 3666012, at *8 (S.D. Fla. Aug. 18, 2021); *id.* at *7 (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006) (holding that plaintiffs must plead non-fraud claims with particularity when those

at *4 (S.D. Fla. Mar. 29, 2010) (FMA); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1085 (N.D. Cal. 2017) (CLRA and FAL); *Janney v. Mills*, 944 F. Supp. 2d 806, 817 (N.D. Cal. 2013) ("When claims under the CLRA . . . and FAL are based on a manufacturer's alleged misrepresentations about a product's characteristics, those claims sound in fraud and Rule 9(b) applies."); *Dotson v. Europharma, Inc.*, No. 2:20-cv-09651, 2021 WL 4826611, at *6 (C.D. Cal. May 27, 2021) (mislabeling challenge under CLRA and FAL).

Here, Plaintiff did not plead the "who," "what," "when," "where," or "how" requirements of Rule 9(b). As to "who" and "how," "when multiple defendants are involved in the alleged fraud 'the complaint must distinguish among defendants and specify their respective role in the alleged fraud.'" *Jackson*, 2021 WL 3666312, at *6. Plaintiff does not allege anything substantive as to Arcadia and repeatedly lumps together without differentiation "Defendants." That does not pass muster under Rule 9(b).

As to "what," Defendants assume, because Plaintiff alleges an in-store purchase, complains about the packaging of the product, and includes a picture of the Fungi-Nail® Anti-Fungal Liquid physical packaging, that he is challenging the labeling on the Fungi-Nail® Anti-Fungal Liquid packaging. But Plaintiff without explanation varies his allegations as against a "Product" or the "Products." (*See, e.g.*, Compl. ¶¶ 1, 2, 4, 28.) Moreover, to the extent Plaintiff would contend he is challenging the packaging of any product other than Fungi-Nail® Anti-Fungal Liquid, he failed

---

claims are based on defendants' alleged fraudulent conduct); *Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 295 F.R.D. 540, 545 (S.D. Fla. 2013) ("Here, every claim asserted . . . is subject to Rule 9(b)'s heightened pleading standards for fraud. All of the claims for relief—even those that do not require proof of fraudulent intent—are based on alleged fraudulent representations and omissions that Defendants made. . . . Therefore, Rule 9(b) and the policies supporting it require [the plaintiff] to plead these claimed fraudulent acts with particularity.")); *Inouye v. Adidas Am., Inc.*, No. 8:22-CV-416, 2023 WL 2351654, at *3 (M.D. Fla. Mar. 3, 2023) ("The trend  has been for courts to apply the Rule 9(b) standard when FDUTPA claims sound in fraud.").

to identify the product or the at-issue packaging.  *See Janney*, 944 F. Supp. 2d at 818 ("A plaintiff alleging that product labels or packaging contain misrepresentations must make specific allegations regarding each product, and attaching only a selection of labels will not suffice under Rule 9(b).").

As to the "when," Plaintiff cursorily alleges that he "saw and reviewed" the Product packaging, but does not offer any details or specify when he saw the packaging or made a purchase. Tellingly, Plaintiff's Complaint is silent concerning the clear representations on the Product's packaging that completely undercut each of his claims.[9]  *See In re NJOY, Inc. Consumer Class Action Litig.*, 2014 WL 12586074, at *10 (C.D. Cal. Oct. 20, 2014) (explaining "pleading the 'when' of the fraud requires that plaintiffs allege when they saw or heard the misleading statements"); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (dismissing where the plaintiff did not "specify when he was exposed to [the advertisements] or which ones he found material").

And as to "where," Plaintiff does not allege with particularity where he purchased the Product—for example, the name of the "retailer," the city, or even the state.  He also does not identify where purported "advertisements" and quotes appeared or where he viewed them. (Compl. ¶¶ 23, 25.)

The court in *In re NJOY, Inc.* dismissed a complaint with similar allegations.  There, the plaintiffs asserted claims under the FDUTPA and CLRA based on allegations that "they were exposed to and saw [d]efendant's material, deceptive marketing claims and packaging."  2014 WL 12586074, at *10.  The plaintiffs did "not identify which advertisements they saw or where they

---

[9]     Because Plaintiff does not allege that he viewed or relied on the image at Paragraph 23 of the Complaint, it is irrelevant to the Rule 9(b) analysis.  It shows, however, the deficiencies in the merits of Plaintiff's claims.

saw them." *Id.* at *11.  Instead the plaintiffs maintained that their pleading was sufficient because "they . . . included representative images of the misrepresentations in the complaint and identified at least one location or publication in which each was published or displayed during the relevant period." *Id.*  The court held that such allegations were insufficient to satisfy Rule 9(b) and dismissed the claims. *Id.* at *7, *12, *15.  Similarly, in *Jackson*, which also considered a label challenge, the plaintiffs failed to specify when they viewed the advertisements or sufficiently detail the purported advertisements at issue.  2013 WL 5514563, at *12-13.

## IV.   THE COMPLAINT FAILS TO STATE A CLAIM

### A.   Plaintiff's FDUTPA Claim (Count I) Is Inapposite

"Florida courts have held that the FDUTPA exists for 'the protection of in-state consumers,' and 'protects non-Florida consumers only when the alleged wrongful conduct occurred within the State of Florida.'"  *Ajose v. Interline Brands, Inc.*, 187 F. Supp. 3d 899, 910 (M.D. Tenn. 2016) (quoting *Stein v. Marquis Yachts, LLC*, No. 14-cv-24756, 2015 WL 1288146, at *6 (S.D. Fla. Mar. 20, 2015); *Coastal Physician Servs. of Broward Cnty., Inc. v. Ortiz*, 764 So. 2d 7, 8 (Fla. Dist. Ct. App. 1999)); *see also Carnival Corp. v. Rolls-Royce PLC*, No. 08-cv-23318, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) ("Plaintiffs' claim that Defendants violated FDUTPA must be based entirely on actions that occurred within Florida.").  "The requirement that a plaintiff plead sufficient facts to show a nexus between the offending conduct and the territorial boundaries of Florida dovetails with the particularity requirements of Rule 9(b)."  *Goodwin v. Am. Equip. Leasing, LLC*, No. 6:10-cv-1876, 2012 WL 13102266, at *4 (M.D. Fla. Aug. 29, 2012).

Here, Plaintiff's claims are based on alleged mislabeling as to the characteristics of the Product he purchased in California.  To bring a claim under FDUTPA, however, the alleged transaction must have occurred within Florida.  *See Stein v. Marquis Yachts, LLC*, No. 14-cv-24756, 2015 WL 1288146, at *6 (S.D. Fla. Mar. 20, 2015) (identifying the relevant allegations

and explaining "the actual language of Counts VI and XI indicates that the FDUTPA claims are based on Defendants' alleged false representations as to the characteristics and quality of goods for sale" and "[t]hus, Plaintiff's FDUTPA claims, by their own language, arise out of the sale of the goods, which occurred in Canada, not Florida"); *accord Ajose*, 187 F. Supp. 3d at 910 ("For example, where the claim arises from the sale of products, FDUTPA applies only to sales within the state.").

Plaintiff, a California resident, alleges that he viewed the purported misrepresentations and purchased the Product "from a local retailer."  (Compl. ¶ 9.)  He does not allege any aspect of the alleged conduct occurred within Florida.  Plaintiff does not allege any Florida nexus as to Arcadia at all.  And as to Kramer Labs, simply being incorporated in Florida is insufficient to maintain his claim where the alleged transaction occurred elsewhere. *See Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1157 (S.D. Fla. 2020) (dismissing FDUTPA claim where defendant was headquartered in Florida but the transaction at issue occurred in Virginia); *Goodwin*, 2012 WL 13102266, at *4 (defendant was a Florida citizen but transaction occurred in North Carolina).

**B.    Plaintiff's Fraud Claim (Count III) Is Barred by the Economic Loss Doctrine**

"[T]he economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, 110 So. 3d 399, 401 (Fla. 2013).  "The Florida Supreme Court has defined economic loss as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profit—without any claim of personal injury or damage to other property.'" *Valiente v. Unilever United States, Inc.*, No. 22-cv-21507, 2022 WL 18587887, at *19 (S.D. Fla. Dec. 8, 2022) (quoting *Tiara Condo.*, 110 So. 3d at 401).  Claims seeking economic damages for alleged misrepresentations on a product's label are barred product

liability claims within the meaning of the economic loss rule.  *E.g.*, *id.* at *19-20 (dismissing label-based fraud claim against manufacturer).

Here, Plaintiff alleges only an economic loss—that he would not have purchased or would have paid less for the Product.  (Compl. ¶ 26.)  Allegations like those are barred by the economic loss rule.  *See Valiente*, 2022 WL 18587887, at *20.

> ### C.   Plaintiff Otherwise Fails to State a Claim for His Statutory and Common Law Claims (Counts I – VI) Because Defendants Did Not Engage in a Deceptive Practice

As to Plaintiff's Florida statutory claims, to prevail under a claim for violation of FDUTPA, Plaintiff must establish: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.  *Rossi v. Darden*, No. 16-cv-21199, 2016 WL 9254640, at *7 (S.D. Fla. Nov. 16, 2016).  To state a claim under the FMA, a plaintiff must allege: (1) "the representor made a misrepresentation of a material fact"; (2) "the representor knew or should have known of the falsity of the statement"; (3) "the representor intended that the representation would induce another to rely and act on it"; and (4) "the plaintiff suffered injury in justifiable reliance on the representation."  *Piescik v. CVS Pharmacy, Inc.*, 576. F. Supp. 3d 1125, 1134 (S.D. Fla. 2021).

As to Plaintiff's California statutory claims, "[t]he CLRA requires (1) an unlawful act or practice; (2) reliance; (3) damages; and (4) causation."  *Simmons v. Ford Motor Co.*, 592 F. Supp. 3d 1262, 1290 (S.D. Fla. 2022).  Similarly, "the FAL prohibits the dissemination of any statement concerning property or services 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.'"  *Hadley*, 243 F. Supp. 3d at 1089.

As to Plaintiff's common law claims, fraud requires: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in

reliance on the representation." *Jackson*, 2021 WL 3666312, at \*16.  And without deception, an unjust enrichment claim premised on misleading labeling fails.  *See Piescik*, 576 F. Supp. 3d at 1135.

### 1.     Plaintiff fails to allege a deceptive, unlawful, or unfair practice

All of Plaintiff's claims depend upon the allegation that the Product packaging is deceptive.[10]   Under the FDUTPA, "deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007).  "This standard requires a showing of 'probable, not possible, deception' that is 'likely to cause injury to a reasonable relying consumer.'" *Id.* (citation omitted). Courts apply an objective test to determine whether "the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Piescik*, 576 F. Supp. 3d at 1132.  California's consumer protection laws entail "the same 'reasonable consumer' test." *Id.* at 1133 n.2 (quoting *Moore v. Trader Joe's Co.*, 4 F.4th 874, 881 (9th Cir. 2021)); *id.* at 1133-34 (relying on cases applying California reasonable consumer standard).   Similarly, for a label to be misleading under the FMA, the alleged interpretation must be reasonable. *See id.* at 1134.

---

[10]     This allegation is the premise of every count.  Plaintiff's stray allegations that the Product packaging is "unlawful" or "unfair" for unspecified reasons are threadbare legal conclusions not entitled to any deference on this motion. (*See, e.g.*, Compl. ¶¶ 41, 68.) Indeed, if anything, Plaintiff alleges it is unfair because it is deceptive. (*See id.* ¶ 42 ("deceptive and unfair" because packaging "deceive[d]").)  Courts routinely apply the applicable deception standard the consumer protection claims at issue here where the underlying complaint concerns alleged false or misleading advertising.  *See, e.g.*, *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966-67 (9th Cir. 2016) (affirming dismissal of claims that a label was "unlawful" and "*unfair*, deceptive, and misleading under the FA [and] CLRA," explaining all "claims under these statutes are governed by the reasonable consumer test" (emphasis added)); *Nivia v. Nationstar Mortg. LLC*, No. 13-cv-24080, 2014 WL 4146889, at \*3-5 (S.D. Fla. Aug. 21, 2014 (dismissing an FDUTPA claim regarding alleged "*unfair* practices" because alleged practices would not "*deceive* a customer acting reasonably in the same circumstances" (emphasis added)).

"'Deceptive advertising claims [under state consumer protection statutes] should take into account all the information available to consumers and the context in which that information is provided and used.'" *Piescik*, 576 F. Supp. 3d at 1132 (alteration in original) (quoting *Bell v. Publix Super Markets Inc.*, 982 F.3d 468, 477 (7th Cir. 2020) (addressing multiple states' consumer protection laws, including Florida and California)). "The 'entire mosaic [is] viewed rather than each tile separately.'" *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 334 (E.D.N.Y. 2018) (quoting *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015)). "[A] reasonable consumer . . . cannot look at only one statement to the exclusion of everything else and claim he has been misled." *Bobo v. Optimum Nutrition, Inc.*, No. 14-CV-2408, 2015 WL 13102417, at *4-5 (S.D. Cal. Sept. 11, 2015). "The presence of true information or a disclaimer can rebut a claim of deception." *Piescik*, 576 F. Supp. 3d at 1133. For example, a plaintiff may not reasonably rely on an ambiguous statement on a product's packaging where a disclosure on another side of that packaging contradicts that interpretation. *See id.* at 1134 (dismissing claims where a reasonable consumer "would have read the back label on the product"); *accord Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 334-35 (E.D.N.Y. 2018) (rejecting challenge to label based on "cold pressed" claim and use of "Mani*fresh*to" (emphasis added) where side panel of product contradicted interpretation, explaining: "If a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion, the court should ask whether the misleading element is ambiguous. If so, the clarification can defeat the claim.").

Here, "Fungi-Nail®" is not even a word and has no meaning—it is a registered trademark. "As a prerequisite to acquiring a trademark registration in the United States, a mark must not be deceptively misdescriptive of the product." *Rooney v. Cumberland Packing Corp.*, No. 12-cv-

0033, 2012 WL 1512106, at *5 (S.D. Cal. Apr. 16, 2012) (citing 15 U.S.C. § 1052(e)(1)).  The

packaging included in the Complaint depicts a healthy toenail with fungal infection on the skin

surrounding the nail:



(Bashoff Decl. Ex. C at 1.)  Consistent with this, it states: "Restores **Skin** Health + Cures Most

**Athlete's Foot**."  (*Id.*; Compl. ¶¶ 20, 23 (emphasis added).)  There is no representation in the

packaging depicted in the Complaint that the Product treats fungus on a nail.

Moreover, the rest of that packaging reinforces that the Product is intended to treat skin,

not nails.[11]  For example, for "***Uses***" and "***Directions***" the packaging clearly discloses, among

other things, "proven effective in the treatment of most athlete's **foot**" and "**This product is not**

**effective on the scalp or nails**."  (Bashoff Decl. Ex. C at 2 (emphasis added).)  The side of the

packaging similarly discloses: "For best results **treat *skin around* all toenails and *in between***

**toes**," "**Not for nail or scalp fungus**," and "Cures most athlete's **foot**."  (*Id.* at 3 (emphasis

added).)  And the other side of the packaging depicts a product label that states "RESTORES

**SKIN**."  (*Id.* at 4 (emphasis added).)  Every single side of the packaging states that the Product is

for skin and reinforces the picture of a healthy toenail with infection on the skin.  (*See, e.g.*, *id.* at

3 ("**treat *skin around* all toenails**") (emphasis added).)  Indeed, although Plaintiff does not allege

---

[11]     The rest of the packaging depicted in the Complaint is conspicuously absent.  *See Fink v.
Time Warner Cable*, 714 F.3d 739, 741-42 (2d Cir. 2013) (warning that a plaintiff claiming
deception cannot misleadingly excerpt aspects from the advertisement at issue "and expect his
action to survive a motion to dismiss or, indeed, to escape admonishment").

he even relied upon it, the "advertisement[]" depicted in the Complaint states "Delivers the right amount of treatment right where you need it ***around*** the toenail" and depicts application to the skin around the toenail:



(Compl. ¶ 25 (emphasis added.))[12]

There is nothing false, deceptive, unfair, or unlawful about the Product packaging.  Indeed, before the start of the relevant time period,[13] the FTC had already considered the Product packaging and took no action.  The "FDUTPA incorporates the standards on unfairness and deception that are issued pursuant to the Federal Trade Commission Act." *Jackson*, 2021 WL 3666312, at *11 n.6; *see also id.* ("when construing 'unlawful acts and practices,' 'great weight shall be given to the interpretations of the Federal Trade Commission'" (quoting Fla. Stat. § 501.204(2))).  Because Plaintiff's interpretation of the packaging is objectively unreasonable, the Complaint should be dismissed in its entirety.

### 2.      Plaintiff fails to allege a misrepresentation of material fact

Aside from lack of deception, Plaintiff's fraud claim fails for an even more basic reason: there is no false representation.  For fraud claims, courts "'ask only whether a representation was

---

[12]      It also depicts a Product label including the same "RESTORES SKIN" statement.

[13]      The longest limitations period for Plaintiff's claims is four years.  *See Marlborough Holdings Grp., Ltd. v. Azimut–Benetti, Spa, Platinum Yacht Collection No. Two, Inc.*, 505 Fed. App'x. 899, 905 (11th Cir. 2013) (four years, FDUTPA); *N. Brevard Hosp. Dist. v. McKesson Tech., Inc.*, No. 6:16-cv-637, 2017 WL 951672, at *4 (M.D. Fla.) (same, fraud and FMA); *Swafford v. Schweitzer,* 906 So.2d 1194, 1195 (Fla. 4th Dist. Ct. App. 2005) (same, unjust enrichment); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010) (three years, CLRA and FAL).

technically accurate in all material respects,' which 'encompasses a [narrower] range of conduct than the standard governing' deception under FDUTPA." *Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1249 (S.D. Fla. 2021) (alteration in original) (quoting *Hetrick v. Ideal Dev. Corp.*, 372 F. Appx 985, 992 (11th Cir. 2010)). Accordingly, to state a claim for fraudulent misrepresentation, Plaintiff must plausibly allege an actual (and material) factual misstatement. As explained, he does not. Nowhere does the Product packaging affirmatively state that the Product treats nail fungus.

## V.   PLAINTIFF LACKS STANDING AS TO PRODUCTS HE DID NOT PURCHASE

"[I]n the Eleventh Circuit, a named plaintiff in a consumer class action 'cannot raise claims relating to those other products which he did not purchase[.]'" *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1394 (S.D. Fla. 2014) (alteration in original) (quoting *Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5206103, at *5 (S.D. Fla. Sept. 13, 2013)). Plaintiff's allegations, at best, permit the inference that he purchased the Fungi-Nail® Anti-Fungal Liquid product, but he makes conclusory allegations and seeks relief as to "Products." He lacks standing to pursue any claims or relief as to products he does not allege he purchased.

## VI.   PLAINTIFF LACKS STANDING TO PURSUE INJUNCTIVE RELIEF

Plaintiff lacks standing to pursue injunctive relief because, by his own allegations, he is aware that the Product does not work in the way he wanted—to cure nail fungus. He, therefore, will not purchase it for this reason. *See Piescik*, 576 F. Supp. 3d at 1131 ("it is hard to imagine how Plaintiff could possibly be harmed in the future since he is now acutely aware that" the product does not work in the manner he believed it did based on its label); *Wasser v. All Mkt., Inc.*, 329 F.R.D. 464, 471 (S.D. Fla. 2018) ( "the Plaintiffs actually know the truth underlying that labeling and thus cannot be deceived by it in the future"). Plaintiff alleges that he is foregoing purchasing the Product again because he cannot rely on its packaging and seeks to change that packaging.

(Compl. ¶ 27.)  This fails to establish standing for injunctive relief.  *See Valiente*, 2022 WL 18587887, at \*8 (cannot rely on label to purchase); *Kurimski*, 570 F. Supp. 3d at 1240 (stopped making purchases once learned of alleged false advertising).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint with prejudice.


Dated: March 27, 2023                    Respectfully submitted,

                                         KELLEY DRYE & WARREN LLP

                                         By: */s/ Matthew Luzadder*
                                         Matthew Luzadder (FBN:  0011286)
                                         mluzadder@kelleydrye.com
                                         KELLEY DRYE & WARREN LLP
                                         333 West Wacker Drive
                                         26th Floor
                                         Chicago, IL 60606
                                         Telephone: (312) 857-7070
                                         Facsimile: (312) 857-7095

                                         Glenn T. Graham (*pro hac vice pending*)
                                         NJ Attorney ID No. 013822009
                                         ggraham@kelleydrye.com
                                         Robert N. Ward (*pro hac vice pending*)
                                         NJ Attorney ID No. 162632015
                                         rward@kelleydrye.com
                                         One Jefferson Road, 2nd Floor
                                         Parsippany, New Jersey 07054
                                         Telephone: (973) 503-5900
                                         Facsimile: (973) 503-5950

                                         *Attorneys for Defendants Arcadia Consumer*
                                         *Healthcare, Inc. and Kramer Laboratories,*
                                         *Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, I electronically caused to be filed a true and correct copy of the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system.  I certify that all current participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system upon all parties.

/s/  *Matthew Luzadder*
Matthew Luzadder (FBN:  0011286)

*Attorneys for Defendants Arcadia Consumer Healthcare, Inc. and Kramer Laboratories, Inc.*